IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:20-cr-00062-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KRISSY MARIE BIDDIX, )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Defendant's Unopposed Motion to Allow Rule 11 Hearing to be Conducted by Videoconference [Doc. 18].

On August 4, 2020, the Defendant was charged in a Bill of Indictment with one count of knowingly and intentionally possessing, with intent to distribute, quantities of various controlled substances, in violation of 21 U.S.C. § 841(a)(1); one count of knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and one count of knowingly possessing a firearm, knowing she had previously been convicted of at least one crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). [Doc. 1]. On September 9, 2020, Defendant's initial appearance

was held, at which time the Magistrate Judge appointed counsel. On September 14, 2020, Defendant's arraignment was held, at which time the Magistrate Judge calendared the case to the November 2, 2020 trial term. On October 21, 2020, the Court continued the case to the January 4, 2021 trial term. [Doc. 11]. On December 15, 2020, the Government filed an executed plea agreement and factual basis. [Docs. 16, 17]. On December 21, 2020, the Court continued the case to its current setting during the March 1, 2021 trial term. [Doc. 19].

The Defendant now seeks to have the Rule 11 Hearing in this matter conducted by videoconference. [Doc. 18]. As grounds, counsel for the Defendant states that the Defendant is presently detained in the Buncombe County Jail where six (6) detention officers and one (1) detainee have tested positive for COVID-19, with ten (10) officers quarantining based on close contacts. [Id. at 2]. Counsel also states that the Defendant has not contracted COVID-19 during her detention and that removing the Defendant for an in-person Rule 11 Hearing would require that she spend approximately fourteen (14) days in quarantine or solitary confinement upon her return, as well as potentially require her permanent removal from the dorm where she has been living safely. [Id. at 2-3]. Counsel for the Defendant further

2

represents that the Defendant and the Government consent to the request for the Rule 11 Hearing to be conducted by videoconference. [Id. at 3-4].

In light of the public health considerations caused by the coronavirus pandemic, as described in this Court's Standings Orders, Case No. 3:20-mc-00048-MR, the Court finds that the Defendant's Rule 11 hearing "cannot be conducted in person without seriously jeopardizing public health and safety." Coronavirus Aid, Relief, and Economic Security Act (CARES Act) Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020).  The Court further finds, under the unique circumstances of this case, that the Defendant's Rule 11 hearing "cannot be further delayed without serious harm to the interests of justice." Id.  For these reasons, the Court concludes that conducting the Rule 11 hearing in this matter by videoconference is appropriate.

Accordingly, for the reasons stated herein, and pursuant to the CARES Act and this Court's Standing Orders, Case No. 3:20-mc-00048-MR, the Court therefore concludes that the Defendant's Rule 11 Hearing may take place by way of videoconference.

Accordingly, **IT IS, THEREFORE, ORDERED** that Defendant's Unopposed Motion to Allow Rule 11 Hearing to be Conducted by Videoconference [Doc. 18] is **GRANTED**, and the above-captioned Defendant's Rule 11 Hearing is **ALLOWED** to be conducted by videoconference.

**IT IS SO ORDERED.**

Signed: January 7, 2021

Martin Reidinger
Chief United States District Judge