THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:20-cr-00062-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KRISSY MARIE BIDDIX, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Pro Se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" [Doc. 37].

The Defendant pled guilty pursuant to a written plea agreement to one count of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1). [Docs. 17, 22]. A Presentence Report (PSR) was prepared in advance of sentencing. In the PSR, the probation officer determined that the Defendant was a career offender. [Doc. 30: PSR at ¶ 30]. As for the Defendant's criminal history, the probation officer determined that the Defendant had eight criminal history points based on her prior convictions. [Id. at ¶ 51]. Two criminal history points were added due to the fact that the Defendant was under a criminal justice sentence when the instant offense was committed. [Id. at ¶ 52]. Accordingly, the probation

officer determined that the total criminal history score was ten, which would have resulted in a criminal history category of V. [Id. at ¶ 53]. However, because the Defendant was designated as a career offender, her criminal history category was calculated to be a category VI. [Id.]. On December 19, 2017, the Court sentenced the Defendant to a total term of 168 months' imprisonment. [Doc. 35 at 2].

The Defendant now moves for a reduction of her sentence pursuant to Part A of Amendment 821 to the United States Sentencing Guidelines. [Doc. 37].

At the time that the Defendant was sentenced, U.S.S.G. § 4A1.1 provided for the addition of two criminal history points if the defendant committed the offense of conviction while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. U.S.S.G. § 4A1.1(d) (2019). Part A of Amendment 821, effective November 1, 2023, amended this provision. As revised, § 4A1.1 now provides for the addition of only one criminal history point and applies only to defendants with seven or more criminal history points who committed the offense of conviction while under a criminal justice sentence. U.S.S.G. § 4A1.1(e) (2023).

2

Case 1:20-cr-00062-MR-WCM     Document 39     Filed 01/13/25     Page 2 of 3

Although the Defendant received two status points due to the fact that she had committed the offense of conviction while under a criminal justice sentence, she is ineligible for a sentence reduction under Amendment 821. The Defendant's criminal history category was determined not by her criminal history points, but rather by her classification as a career offender. As such, Part A of Amendment 821 has no impact on the calculation of the Defendant's advisory guideline range. For all of these reasons, the Defendant's motion is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Pro Se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" [Doc. 37] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 13, 2025

Martin Reidinger
Chief United States District Judge